## Case No. 1,295.

BENEDICT v. MAYNARD et al.

[5 McLean, 262.][1]

Circuit Court, D. Michigan. June Term, 1851.

GUARANTY—DILIGENCE—RECEIVERS—AGENCY.

1. The plaintiff indorsed two post notes of the Bank of Washtenaw, Michigan, for fifteen thousand dollars, which notes were discounted by the Mechanics' and Farmers' Bank of Albany, and by that bank the funds of the notes were paid to the creditors of the Washtenaw Bank to the amount of $2445 61. At the time of the indorsement, Benedict took to the Washtenaw Bank certain securities, which were sold at auction, and bought by Benedict for $19,250. The Washtenaw Bank failed, and James Kingsley, receiver of said bank, agreed to collect the securities, rendering a strict account, and paying over to Benedict the amount received, until the Mechanics' and Farmers' Bank was paid, including interest, costs, and expenses, and the remainder of the securities to be paid to the creditors of the Washtenaw Bank. A part of the securities were retained by Benedict. The defendants became the security of Kingsley, that they should faithfully perform, &c. Action was brought by the plaintiff against defendants, on the covenant. Defendants demurred because the plaintiff did not set forth in his declaration in what manner he used diligence to collect the New York securities. This held not to be necessary. The averments in the declaration held to be sufficient.

2. The duties of receiver of the Washtenaw Bank, and agent, not inconsistent.

3. The securities, being sold to the plaintiff, were subject to the contract, and not to his acts as receiver.

[At law. Action by Lewis Benedict against Maynard and Morgan on an instrument of guaranty. Defendants demur to the declaration. Overruled. For verdict on trial of the action, see Case No. 1,296.]

Barstow & Lockwood, for plaintiff.

Emmons & Vandyke, for defendants.

OPINION OF THE COURT. This is an action of covenant founded upon an instru-

[1] [Reported by Hon. John McLean, Circuit Justice.]

ment under seal, dated the 4th of July, 1850. Among other things the covenant recites that about the 1st of October, 1838, the plaintiff indorsed two post notes of the Bank of Washtenaw, then doing business in Washtenaw county, Michigan, for fifteen thousand dollars each, dated the 1st of October, 1838, and payable in six and nine months from date; and which were discounted by the "Mechanics' and Farmers' Bank, of Albany," on which the bank paid the drafts and checks of the Washtenaw Bank, to the amount of twenty-four thousand forty-five dollars and ninety-one cents, which notes were protested when due for nonpayment. At the time of this indorsement, Benedict took from the Washtenaw Bank certain securities, which were sold at auction in 1839, with the consent of the bank, and bought by Benedict for nineteen thousand two hundred and fifty dollars.

The Washtenaw Bank failed, and James Kingsley, receiver of said bank, some time subsequently, made a proposition to Benedict to receive said securities, to collect the same, rendering a strict account, and to pay over to Benedict the amount received until the Mechanics' and Farmers' Bank should be paid, with all interest and expenses, counsel fees, costs, and a reasonable commission incurred by the said Benedict, and the remainder of said securities to be paid to the creditors of the Washtenaw Bank. A part of the New York securities were retained by Benedict, who was to account for the same. And the defendants bound themselves that Kingsley should faithfully execute the trust. In consideration of the above, Benedict agreed to place all the securities, except those in New York, &c., into the hands of Kingsley, who was to collect and account for the same, &c. And the president and directors, and others interested in the stock of the Bank of Washtenaw, santioned the arrangement. The securities amounted, nominally, to one hundred and thirty thousand dollars; the debt to Benedict exceeded twenty thousand dollars.

The defendants demurred to the declaration, and assigned for causes of demurrer: 1. That the plaintiff has not set forth in his declaration in what manner he used reasonable diligence to collect the said securities, &c. 2. That he has not in the 3d and 4th counts of the declaration shown any diligence used by him to collect them. 3. That the plaintiff has not averred performance of any thing on his part to be performed, or shown what expense he has incurred, &c.

The main ground of the argument on the demurrer was, that the contract was illegal and void at law, as Kingsley, the receiver, was a statutory agent, and was bound strictly by the law in the performance of his duties. That he was bound to collect or sell the assets of the bank, and account to its creditors. That he had no authority to pay commissions to Benedict, or costs. That the receiver had no power to give him a preference over the other creditors of the bank.

The duties of the receiver are specially pointed out in the statute, and, among others, "he is authorized to redeem all mortgages and conditional contracts, and all pledges of personal property, or to sell such property subject to such mortgages, contract, or pledges." That the receiver is bound by the authority under which he acts, is admitted. He cannot substitute his own discretion, where the law has enjoined upon him a positive duty. But the powers exercised under this contract were derived from the contract, and not specially from the statute. Benedict held these securities as his indemnity, and both in law and equity he was authorized to hold them, until the debt he had paid, or was responsible for, was discharged. He was connected with the "Mechanics' and Farmers' Bank," of Albany, which paid the drafts of the Washtenaw Bank. This gave credit to the new bank, and, perhaps, enabled it to commence operations. He was personally responsible for these allowances, as indorser, and he, at the same time, received the transfer of the securities. It is not probable that the receiver had the means of redeeming these securities, or any part of them, by the assets of the bank which at first came into his hands. And he could not claim any part of them, in the hands of Benedict, until his demand was paid. He could compel Benedict to use proper diligence in collecting the moneys, but he could not claim possession of the notes, bonds, &c., or money before full payment to him. Under these circumstances, Benedict agrees to authorize Kingsley, as his agent, to make the collection, and pay over to him, as by the contract was stipulated. There is nothing illegal in this arrangement. Kingsley was not acting as receiver in this matter, in collecting the assets of the bank to be distributed among its creditors. Until the money was paid to Benedict, the receiver could not claim anything of him as assets of the bank. After the pledge was redeemed, all the surplus became assets of the bank, and Kingsley was bound to deal with them as such. This arrangement was manifestly for the interest of the creditors of the bank, the president, directors, and stockholders desired it, and the person appointed to make the collection was the legal agent, for the collection of the assets of the bank. It was his duty to wind up the concerns of the institution, in as short a time, and in as economical a manner, as could be done. This, the interest of the creditors of the bank required, and was specially enjoined by the law. Benedict did not stand as a creditor merely; he was a creditor, but he held in his hands, perhaps, almost all the assets of the bank, honestly pledged for his indemnity. His claim was equitable and just, and might well receive, as it did receive, the sanction of a court of chancery.

It is objected that the receiver had no power to allow the commissions to Benedict, or to pay costs. No court could refuse to allow these. It was a charge for labor and expense

in the business of the bank. Benedict did not receive the notes, bonds, or stock, at the amount called for upon their face. Many of them were no doubt worthless. This may be presumed from the amount of securities he received, which exceeded his responsibilities for the bank, some five or six hundred per cent. He could only claim the amount that should indemnify him, and that he was entitled to. From the nature of the business, he could not avoid costs, and he was entitled to a reasonable compensation for his labor. This necessarily arose out of the nature of his securities, and the obligations of the Washtenaw Bank. And it was proper and legal, in the covenant under consideration, to provide for their payments.

The purchase of these securities by Benedict, he being the trustee, and the sale being made by him, on ordinary principles, would not be valid, unless sanctioned by the cestui que trusts. But this purchase was not insisted on. From the first to the last of this transaction, Benedict seems to have acted in good faith, and with the view to promote the interest of the stockholders of the bank.

This covenant is dated 4th of July, 1840. Benedict's indorsements were made 1st October, 1838; one of the notes was payable in six months, the other in nine; so that after the last note was protested, less than two years transpired before the securities were placed in the hands of Kingsley. Those securities consisted in mortgages on real estate, stocks of various kinds, and other evidences of indebtment. We think that the averments in the declaration of the performance of his covenants by the plaintiff is sufficient. Upon the whole, the demurrer to the declaration is overruled.